[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11276
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-00095-JRH-BKE


FRANK DWIGHT MACK,

Plaintiff-Appellant,

versus

TI'QUITA MILES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 13, 2019)

Before MARCUS, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Frank Mack was an inmate at the Augusta State Medical Prison in Grovetown, Georgia. On March 31, 2017, at approximately 9:00 pm, while conducting the official nightly count of prisoners, Officer Ti'Quita Miles opened the door to Dorm 3 while the door to Dorm 2, where Mack was sleeping, was open. An unidentified inmate then left his cell in Dorm 3 and entered Dorm 2, and repeatedly stabbed Mack in the chest. The attacker then fled, and Mack was taken to the hospital to treat his stab wounds.

Mack filed a claim in the Southern District of Georgia under 42 U.S.C. § 1983 against Miles in her individual capacity. Mack alleged that Miles violated his Eighth Amendment rights through her alleged deliberate indifference to a substantial risk of serious harm to him. Miles filed a motion for summary judgment, arguing that Mack had failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) and that she was entitled to qualified immunity. The district court granted Miles's motion. Mack timely appealed to us. We affirm.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of

2

the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation and alteration omitted).

Qualified immunity provides "complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Lee v. Ferraro, 284 F.3d 1188, 1193–94 (11th Cir. 2002). To receive qualified immunity, the public official "must first prove that [she] was acting within the scope of [her] discretionary authority when the allegedly wrongful acts occurred." Sebastian v. Ortiz, 918 F.3d 1301, 1307 (11th Cir. 2019). At that point, the burden shifts to the plaintiff to prove that (1) the defendant violated a constitutional right that (2) was clearly established at the time of the alleged violation. Whittier v. Kobayashi, 581 F.3d 1304, 1308 (11th Cir. 2009).

The Eighth Amendment protects against "cruel and unusual punishments," and in so doing, imposes restraints and duties on prison officials, which include, inter alia, the duty to "take reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 517, 526–27 (1984)). The Supreme Court has noted, however, that not "every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." Id.

3

at 835.  Therefore, we have held that, to succeed on an Eighth Amendment claim predicated on a failure to prevent harm,

> a plaintiff must allege facts showing that: (1) a substantial risk of serious harm existed; (2) the defendants were deliberately indifferent to that risk, i.e., they both subjectively knew of the risk and disregarded it by failing to respond in an objectively reasonable manner; and (3) there was a causal connection between the defendants' conduct and the Eighth Amendment violation.

Bowen v. Warden, Baldwin State Prison, 826 F.3d 1312, 1320 (11th Cir. 2016).

In this Rule 12(b)(6) posture, we review de novo the district court's dismissal of a complaint for failure to state a claim and "constru[e] the complaint in the light most favorable to the plaintiff and accepting as true all facts which the plaintiff alleges."  Day v. Taylor, 400 F.3d 1272, 1275 (11th Cir. 2005).

We review de novo the district court's determination of qualified immunity and "resolve all issues of material fact in favor of the plaintiff."  McCullough v. Antolini, 559 F.3 1201, 1202 (11th Cir. 2009).

After reviewing the record, we affirm the district court's order granting Miles's motion to dismiss.  We conclude that Mack failed to state a claim and that Miles is entitled to qualified immunity, for the same reason:  Mack only advanced conclusory allegations of fact or legal conclusions in support of his claim that Miles violated his rights under the Eighth Amendment.  For example, Mack has made no allegations of actual fact that Miles was subjectively aware of a substantial risk of serious harm to Mack, as was his obligation under our decision

4

in <u>Bowen</u>.  He failed both to state a cognizable claim and to meet his burden under our holding in <u>Whittier</u>.

Once a defendant raises qualified immunity as a defense, and demonstrates that her actions were discretionary in nature, the burden shifts to the plaintiff to prove that the defendant violated his clearly-established constitutional rights. <u>Whittier</u>, 581 F.3d at 1308.  Mack failed to meet this burden.  Rather than providing the district court with substantive arguments that Miles's actions violated the Eighth Amendment, Mack merely cited to the legal conclusions he asserted in his complaint.  He repeats this in his brief to us.

Mack merely argues that (1) a substantial risk of harm existed when the doors to Dorms 2 and 3 were open at the same time; (2) that Miles was deliberately indifferent to that risk and disregarded it; and (3) that there was a causal connection between Miles's conduct and Mack's Eighth Amendment violation.  In support of these conclusions, Mack merely cites to his complaint.

This is an error rooted in a fundamental misapprehension of the standard for a motion to dismiss.  He contends that we must "consider as true for the purposes of a motion to dismiss" the allegations he raised in his complaint, namely that Miles violated his clearly-established constitutional rights.  This is incorrect. Those allegations are legal conclusions, not facts.  <u>See</u> <u>Hudgins v. City of Ashburn</u>, 890 F.2d 396, 403 (11th Cir. 1989) ("[T]he availability of qualified immunity

necessarily is a question of law."). And we "are not bound to accept as true a legal conclusion," in this case, that Miles violated Mack's rights, "couched as a factual allegation." Twombly, 550 U.S. at 555.

Ultimately, we conclude that the district court properly dismissed Mack's complaint for failure to state a claim after determining Miles was entitled to qualified immunity.

AFFIRMED.